Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com


Attorney for Plaintiff: JAMES RUTHERFORD


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| JAMES RUTHERFORD, an individual, <br><br> Plaintiff, <br><br> v. <br><br> THE CVRC COMPANY LLC, a Delaware limited liability company; and DOES 1-10, inclusive, <br><br> Defendants. | **Case No**. <br> **Complaint For Damages And Injunctive Relief For:** <br><br> 1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325).** <br><br> 2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq*.** |

Plaintiff, JAMES RUTHERFORD, an individual, ("Plaintiff"), complains of Defendant THE CVRC COMPANY LLC, a Delaware limited liability company; and Does 1-10 ("Defendants") and alleges as follows:

## PARTIES

1.      Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting; in addition to twisting, turning and grasping objects.   As a result of these disabilities,

1

COMPLAINT

1   Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate.

2   With such disabilities, Plaintiff qualifies as a member of a protected class under the

3   Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA

4   Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations

5   implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.  At the time of

6   Plaintiff's visits to Defendants' facility and prior to instituting this action, Plaintiff

7   suffered from a "qualified disability" under the ADA, including those set forth in

8   this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

9          2.       Plaintiff is informed and believes and thereon alleges that Defendant

10  THE CVRC COMPANY LLC, a Delaware limited liability company, owned the

11  property located at 8812 Baseline Rd., Rancho Cucamonga, CA 91701 ("Property")

12  on or around June 27, 2020.

13         3.       Plaintiff is informed and believes and thereon alleges that Defendant

14  THE CVRC COMPANY LLC, a Delaware limited liability company, owns the

15  Property currently.

16         4.       Plaintiff does not know the true name of Defendant, its business

17  capacity, its ownership connection to the Property serving Casa Rubio's Mexican

18  Grill Restaurant ("Business"), or its relative responsibilities in causing the access

19  violations herein complained of.  Plaintiff is informed and believes that each of the

20  Defendants herein, including Does 1 through 10, inclusive, is responsible in some

21  capacity for the events herein alleged, or is a necessary party for obtaining

22  appropriate relief.  Plaintiff will seek leave to amend when the true names,

23  capacities, connections, and responsibilities of the Defendants and Does 1 through

24  10, inclusive, are ascertained.

## JURISDICTION AND VENUE

25         5.       This Court has subject matter jurisdiction over this action pursuant

26  to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

27         6.       This court has supplemental jurisdiction over Plaintiff's non-federal

28

1    claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act,

2    California Civil Code § 51 *et seq*., (**"UCRA"**) claims are so related to Plaintiff's

3    federal ADA claims in that they have the same nucleus of operative facts and

4    arising out of the same transactions, they form part of the same case or controversy

5    under Article III of the United States Constitution.

6         7.    Venue is proper in this court pursuant to 28 U.S.C. §1391 because the

7    real property which is the subject of this action is located in this district and because

8    Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

10        8.    Plaintiff went to the Business on or about June 27, 2020 for the dual

11   purpose of browsing the menu and to confirm that this public place of

12   accommodation is accessible to persons with disabilities within the meaning federal

13   and state law.

14        9.    The Business is a facility open to the public, a place of public

15   accommodation, and a business establishment.

16        10.   Parking spaces are one of the facilities, privileges, and advantages

17   reserved by Defendants to persons at the Property serving the Business.

18        11.   Unfortunately, although parking spaces were one of the facilities

19   reserved for patrons, there were no designated parking spaces available for persons

20   with disabilities that complied with the 2010 Americans with Disabilities Act

21   Accessibility Guidelines ("ADAAG") on June 27, 2020.

22        12.   At that time, instead of having architectural barrier free facilities for

23   patrons with disabilities, Defendants have: nothing to prevent parked vehicles from

24   obstructing the accessible route from the parking area to the entrance. (Parking

25   spaces and access aisles shall be designed so that cars and vans, when parked, cannot

26   obstruct the required clear width of adjacent accessible routes per Section 502.7.

27   Advisory 502.7-Relationship to Accessible Routes: Wheel stops are an effective way

28   to prevent vehicle overhangs from reducing the clear width of accessible route); an

access aisle at the accessible parking space that is ramped up to connect the walkway to the street level creating slopes and cross slopes excessive of 1:48 (Access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted.  EXCEPTION: Slopes not steeper than 1:48 shall be permitted per Section 502.4); a curb ramp that projects into the accessible parking space access aisle in violation of Section 406.5 (which requires that curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles. Curb ramps at marked crossings shall be wholly contained within the markings, excluding any flared sides); the slope of the curb ramp that flares at the curb ramp connecting the accessible parking spaces to the accessible route exceeds 11% in violation of Section 406.3 (which requires that the slope does not exceed 10%); a walkway leading to the entrance from the accessible parking that is noncompliant (The running slope of walking surfaces shall not be steeper than 1:20. The cross slope of walking surfaces shall not be steeper than 1:48, per Section 403.3. Here, the cross slope exceeds 4.7%); and, no accessible routes connecting the parking to the main entrance or elements within the facility as required by Section 206.2.2 (which requires that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site, and 206.1 requiring access to the site arrival point (main entrance) from the public street).

13.     Subject to the reservation of rights to assert further violations of law after a site inspection found *infra*, Plaintiff asserts there are additional ADA violations which affect him personally.

14.     Plaintiff is informed and believes and thereon alleges Defendants had no policy or plan in place to make sure that there was compliant accessible parking reserved for persons with disabilities prior to June 27, 2020.

15.     Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to make sure that the designated disabled parking for

persons with disabilities comport with the ADAAG.

16.     Plaintiff personally encountered these barriers.  The presence of these barriers related to Plaintiff's disability denies Plaintiff his right to enjoy accessible conditions at public place of accommodation and invades legally cognizable interests created under the ADA.

17.     The conditions identified *supra* in paragraph 12 are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, ambulating, sitting, in addition to twisting, turning and grasping objects; Plaintiff is the holder of a disabled parking placard; and because the enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible route to the accessible entrance, and relate to the proximity of the accessible parking to the accessible entrance.

18.     As an individual with a mobility disability who at times relies upon a wheelchair or other mobility devices, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

19.     Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law.

20.     Upon being informed that the public place of accommodation has become fully and equally accessible, he will return within 45 days as a "tester" for the purpose of confirming their accessibility.  *Civil Rights Educ. and Enforcement Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

21.     As a result of his difficulty experienced because of the inaccessible condition of the facilities of the Business, Plaintiff was denied full and equal access

1   to the Business and Property.

2        22.    The Defendants have failed to maintain in working and useable

3   conditions those features required to provide ready access to persons with

4   disabilities.

5        23.    The U.S. Department of Justice has emphasized the importance of

6   enforcing laws that prohibit unlawful discriminatory behavior, especially in the era

7   of the COVID-19 emergency. *See Statement by Assistant Attorney General for Civil*

8   *Rights Eric S. Dreiband* Protecting Civil Rights While Responding to the

9   Coronavirus Disease 2019 (COVID-19) found at

10  https://www.ada.gov/aag_covid_statement.pdf.

11       24.    The violations identified above are easily removed without much

12  difficulty or expense.  They are the types of barriers identified by the Department of

13  Justice as presumably readily achievable to remove and, in fact, these barriers are

14  readily achievable to remove.  Moreover, there are numerous alternative

15  accommodations that could be made to provide a greater level of access if complete

16  removal were not achievable.

17       25.    Given the obvious and blatant violation alleged hereinabove, Plaintiff

18  alleges, on information and belief, that there are other violations and barriers in the

19  site that relate to his disability.  Plaintiff will amend the complaint, to provide proper

20  notice regarding the scope of this lawsuit, once he conducts a site inspection.

21  However, the Defendants are on notice that the Plaintiff seeks to have all barriers

22  related to his disability remedied.  See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008)

23  (holding that once a plaintiff encounters one barrier at a site, the plaintiff can sue to

24  have all barriers that relate to his disability removed regardless of whether he

25  personally encountered them).

26       26.    Without injunctive relief, Plaintiff will continue to be unable to fully

27  access Defendants' facilities in violation of Plaintiff's rights under the ADA.

28  ////

# FIRST CAUSE OF ACTION

# VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325)

27.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

28.     Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

      a.    A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

      b.    A failure to remove architectural barriers where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

      c.    A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving

the area, are readily accessible to and usable by individuals with disabilities.  42 U.S.C. § 12183(a)(2).

29.    Any business that provides parking spaces must provide accessible parking spaces.  2010 Standards § 208.  Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve.  Changes in level are not permitted.  2010 Standards § 502.4.  "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory.  Here the failure to provide a level access aisle in the designated disabled parking space is a violation of the law and excess slope angle in the access pathway is a violation of the law.

30.    A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

31.    Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

32.    Given its location and options, Plaintiff will continue to desire to patronize the Business but he has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE UCRA, CALIFORNIA CIVIL CODE § 51 *et seq*.**

33.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

34.    California Civil Code § 51 *et seq*. guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendants are systematically violating the UCRA, Civil Code § 51 *et seq*.

35.     Because Defendants violate Plaintiff's rights under the ADA, Defendants also violated the UCRA and are liable for damages.  (Civ. Code § 51(f), 52(a).)   These violations are ongoing.

36.     Plaintiff is informed and believes and thereon alleges that Defendants' actions constitute discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq.*, because Defendants have been previously put on actual or constructive notice that the Business is inaccessible to Plaintiff.  Despite this knowledge, Defendants maintain its premises in an inaccessible form, and Defendants have failed to take actions to correct these barriers.

## **PRAYER**

**WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:**

1.     A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325), and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Property; Note: Plaintiff is not invoking section 55, *et seq*, of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act (Cal. C.C. §54) at all.

2.     An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code;

3.     An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016); and,

4.     For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52.

////

////

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby respectfully requests a trial by jury on all appropriate issues

3   raised in this Complaint.

4

5   Dated: July 28, 2020              **MANNING LAW, APC**

6

7                                     By: /s/ Joseph R. Manning Jr., Esq.
                                          Joseph R. Manning Jr., Esq.
8                                         Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT